IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA CHURCH,                  Civil No. 04-746-AA
                                               OPINION AND ORDER
       Plaintiff,

   vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.
_____

Alan Graf
Alan Stuart Graf, P.C.
1020 SW Taylor St., Suite 230
Portland, Oregon 97205
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Richard Morris
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

///

///

1    - OPINION AND ORDER

AIKEN, Judge:

Claimant, Barbara Church, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied the plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§401-33, and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83(f). For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

The plaintiff protectively filed her applications for DIB and SSI on June 1, 2001. Tr. 53. She alleged disability since July 8, 2000, based on major depression, recurrent, severe; post traumatic stress disorder (PTSD), with psychotic features; attention deficit hyperactivity disorder (ADHD), hyperactive, impulsive type; and mild mental retardation. Tr. 63. The plaintiff's applications were denied initially and on reconsideration. Tr. 29, 38. The plaintiff filed a request for a hearing on October 17, 2002. Tr. 41.

A hearing was held on August 13, 2003, where the plaintiff appeared and testified, represented by an attorney. Tr. 559-609. A vocational expert also testified. Id. On November 24, 2003, the ALJ issued a decision finding the plaintiff not disabled within the meaning of the Social Security Act. Tr. 11-25. The Appeals Council denied the plaintiff's request for review, making the ALJ's decision the

2 - OPINION AND ORDER

final decision of the Commissioner. See 20 C.F.R. §§404.981, 416.1481, 422.210.

## STATEMENT OF THE FACTS

The plaintiff was 39 years old at the time of the ALJ's decision. Tr. 16. She has an eighth-grade education, and her past work experience includes deli worker, parking lot attendant, and customer service representative. Tr. 14. The plaintiff alleges disability due to major depression, PTSD, ADHD, Hepatitis C, and asthma. Tr. 15. The relevant medical evidence is discussed below.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a

3 - OPINION AND ORDER

continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary.

In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42;

4   - OPINION AND ORDER

see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

In the plaintiff's case, the ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. Tr. 15, 24, Finding 2. This finding is not in dispute.

At step two, the ALJ found that the plaintiff had the following severe impairments: major depressive disorder, anxiety-related disorder, borderline intellectual functioning, substance addiction disorder in reported partial remission, and a hearing deficit. Tr. 16-17, 24, Finding 3. This finding is not in dispute.

At step three, the ALJ found that the plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 18, 24, Finding 4. This finding is not in dispute.

The ALJ determined that the plaintiff had the residual functional capacity (RFC) as follows: no exertional limitations; restricted to work that does not require fine hearing; must avoid hazards and the ensuing possibility of injury; limited to simple 1,2,3 step work; no frequent or close contact with the general public or with co-workers; should not be in work situations of concentrated exposure to fumes, odors, or dust. Tr. 19, 25, Finding 3. This finding is in dispute.

At step four, the ALJ found that the plaintiff was not able to perform her past relevant work. Tr. 23, 25, Finding 8.

5   - OPINION AND ORDER

This finding is not in dispute.

At step five, the ALJ found that, based on the above residual functional capacity, the plaintiff could perform work existing in significant numbers in the national economy. Tr. 24, 25, Finding 12. Examples of such work included small products assembler, food assembler, and electronics worker. Tr. 27, 28, Finding 11. These findings are in dispute.

The plaintiff alleges that the ALJ erred by improperly rejecting the opinions of the plaintiff's treating and examining physicians and improperly rejecting the plaintiff's testimony.

**DISCUSSION**

The plaintiff claims that the ALJ erred in rejecting the disability opinion of Dr. Thayer, the plaintiff's treating physician. The defendant claims that the ALJ's rejection of Dr. Thayer's opinion was proper and supported by substantial evidence.

Dr. Thayer was the plaintiff's treating physician at the time he gave his opinion. Treating physicians are employed to cure and have greater opportunity to know and observe their patients; as such their opinions are given greater weight than opinions of other physicians. Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989). However, an ALJ "need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." Batson v. Comm'r. of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ may reject the contradicted medical opinions of treating physicians if the ALJ "makes findings setting forth specific and legitimate

6  - OPINION AND ORDER

reasons for doing so that are based on substantial evidence in the record." Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

Dr. Thayer has been the plaintiff's primary care physician since 1992. On August 2, 2003, he wrote:

> Ms. Church has been a patient at this clinic since 1992. Since that time she has struggled with multiple psychiatric diagnoses including depression, PTSD, anxiety disorder, and substance dependence. At different times she has been able to achieve some stability but these periods have generally been short lived, usually a matter of several months.
> I do see Ms. Church as genuinely motivated to improve her situation and working very hard to do so. However, despite these efforts her difficulties have been overwhelming.
> Ms. Church is obviously improved when she is successful at remaining drug and alcohol free but even during these periods I feel her other diagnoses make her so impaired that she is unemployable. She remains highly anxious and this makes it hard for her to concentrate and interferes with her relationships with others. The time pressures and demands of most work situations generally exacerbate her difficulties. Her depression can also be severe and also interferes with relationships in a work setting.

Tr. 545.

Dr. Thayer went on to say that he considered the plaintiff unable to work and expected her problems to continue for at least twelve months. Id.

The ALJ rejected Dr. Thayer's opinion based on the following assertions: (1) the doctor did not address the plaintiff's lack of compliance with treatment, and the plaintiff's problems stem from this lack of compliance; (2) other medical findings are inconsistent with his conclusion that the plaintiff would be unemployable even without substance abuse; and (3) the RFC accommodates the limitations stated by Dr. Thayer. The defendant also states that Dr. Thayer's opinion should not be

7   - OPINION AND ORDER

credited because a medical source does not have the expertise to comment on the vocational component of the plaintiff's disability.

1. The Plaintiff's Compliance with Treatment

The ALJ based his rejection of Dr. Thayer's opinion in part on his assertion that the doctor did not address the plaintiff's lack of compliance with treatment. The ALJ went on to assert "[w]ith the claimant's disinterest in following treatment, any problems stem from her decision to avoid the steps that would allow a return to work activity." Tr. 19. However, Dr. Thayer did address these issues in his analysis of the plaintiff's efforts to improve, and his conclusion was opposite that of the ALJ.

Dr. Thayer opined: "I do see Ms. Church as genuinely motivated to improve her situation and working very hard to do so. However, despite these efforts her difficulties have been overwhelming." Tr. 545. Dr. Thayer made this conclusion after working with the plaintiff for over ten years and taking her efforts in context with her problems in concentration, comprehension, and anxiety. Dr. Thayer was aware of the plaintiff's history; despite her problems with following instructions, he concluded that the plaintiff was motivated to pursue treatment.

Because Dr. Thayer did address these issues, the ALJ's assertions that Dr. Thayer failed to address the plaintiff's compliance with treatment and that the plaintiff's problems stem from her failure to follow treatment were not legitimate reasons for rejecting Dr. Thayer's opinion.

8    - OPINION AND ORDER

2. The Plaintiff's Substance Abuse

The ALJ also rejected Dr. Thayer's opinion that the claimant is "unemployable" even without her substance abuse, asserting that this opinion is inconsistent with other medical findings. Dr. Thayer stated:

> Ms. Church is obviously improved when she is successful at remaining drug and alcohol free but even during these periods I feel her other diagnoses make her so impaired that she is unemployable. She remains highly anxious and this makes it hard for her to concentrate and interferes with her relationships with others. The time pressures and demands of most work situations generally exacerbate her difficulties. Her depression can also be severe and also interferes with relationships in a work setting.

Tr. 545.

The ALJ countered this statement with an example of improvement on the part of the plaintiff: during a period of sobriety, the plaintiff had an appointment where Dr. Vinocur found her to be well groomed with good eye contact, clear and goal directed thought processes, appropriate thought content, fair insight and judgment, and normal psychomotor activity. Tr. 19. The ALJ stated that this medical finding was inconsistent with Dr. Thayer's opinion that although the plaintiff improves in her ability to function when clean and sober, this improvement is not substantial enough to allow her to work. Tr. 19.

However, the record and the significant weight due Dr. Thayer's opinion support crediting it. At another appointment, Dr. Vinocur noted increased depression even though the plaintiff had been clean and sober for six months. Tr. 354. Therapist Valrejean observed that the plaintiff exhibited depression, agitation, scattered thoughts, and very poor memory and concentration even though she was "maintaining longest recovery

9 - OPINION AND ORDER

period ever." Tr. 336. Therapist Valrejean assigned the plaintiff a GAF of 49 at that time. Tr. 337. A GAF of 41-50 indicates "serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job). DSM-IV-TR, 4th ed. (2000), at 34. This is all evidence supporting Dr. Thayer's opinion; therefore, the ALJ erred in rejecting it on the basis that it was not supported by other medical findings. Furthermore, as the plaintiff's treating physician for over ten years, Dr. Thayer is in the best position to assess variations in the plaintiff's ability to function. His opinion about her overall ability to function is entitled to significant weight, and the ALJ erred in failing to give this opinion the weight it was due.

3. The Residual Functional Capacity Assessment (RFC)

The ALJ found that the limitations given by Dr. Thayer and others had been accommodated in the RFC assessment, and stated that this also was a basis for rejecting Dr. Thayer's disability opinion. Tr. 20. The plaintiff argues that the limitations the ALJ addressed did not reflect the severity of the plaintiff's symptoms and that the ALJ failed to take into account some of the plaintiff's additional limitations.

The ALJ stated that the plaintiff's concentration difficulties were remedied by the restriction to simple work tasks, the problems with relationships were addressed by the restriction to minimal contact with the public and co-workers, and that time pressure and demands were eliminated by the restriction to simple work activity. Tr. 20.

10  - OPINION AND ORDER

Regarding the plaintiff's concentration difficulties, DDS Dr. Bates-Smith found that the plaintiff would have moderate limitations in her ability to complete a normal work-day without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 478. Dr. Thayer agreed with this limitation, although at a greater level of severity. Tr. 545. However, this limitation was not included in the ALJ's findings. The vocational expert testified that the plaintiff would not be able to maintain competitive employment if she was distracted for too much of the day (twenty percent). Tr. 591. The simple work task restriction given by the ALJ to remedy the plaintiff's concentration difficulties did not address these interruptions or the need for an unreasonable number of rest periods.

Additionally, Dr. Thayer, Therapist Valrejean, Dr. Schock, and Audiologist Bloomquist all found that the plaintiff had difficulties in understanding instructions and speech. Tr. 109-111, 129, 337, 545. Dr. Schock and Audiologist Bloomquist opined that instructions would have to be repeated to the plaintiff to ensure that she understands them. Tr. 111, 129. The vocational expert testified that in the unskilled jobs given in the hypothetical, a person would have to remember oral directions given. Tr. 602. The ALJ's findings did not include this limitation in understanding instructions. Because the RFC assessment did not adequately take into account the plaintiff's limitations, it is not a basis for rejecting Dr. Thayer's disability opinion.

///

11   - OPINION AND ORDER

4. The Plaintiff's Disability Status

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion "as a matter of law." The defendant argues that even if Dr. Thayer's opinion is credited, it cannot establish vocational disability. Dr. Thayer's opinion alone would not establish vocational disability; however, when his opinion is taken together with the testimony of the vocational expert and the gaps in limitations assessed by the ALJ, disability is established.

Under Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000), an award of benefits is appropriate when: (1) the ALJ failed to give legally sufficient reasons for rejecting evidence, (2) no outstanding issues remain, and (3) it is clear the ALJ would be required to award benefits when the improperly rejected evidence is credited.

As discussed above, the first element of the Harman v. Apfel test is met because the ALJ did not give legally sufficient reasons for rejecting Dr. Thayer's opinion. The second element is met because the record is complete; no outstanding issues remain.

For the third element to be met, the plaintiff's substance abuse must not a be contributing factor material to the determination of disability, or disability benefits are prohibited. Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998). According to Dr. Thayer, the plaintiff's problems with anxiety and depression remain severe even when she is drug and alcohol free, impairing her to such degree that she is

12 - OPINION AND ORDER

unemployable. Tr. 545. Because substance abuse is not material to the plaintiff's disability, an award of benefits is not prohibited. As discussed above, in combination with the vocational expert testimony and the RFC assessment, disability has been established. Therefore, the third element is also met because it is clear that the ALJ would be required to award benefits if Dr. Thayer's opinion is credited.

Because the Harman v. Apfel and Sousa tests are met, this court will remand the plaintiff's case for an award of benefits. Also, given that the plaintiff has established disability, this court will not address the plaintiff's other allegations of error.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this __21__ day of September 2005.

                                                    /s/ Ann Aiken
                                                      Ann Aiken
                                      United States District Judge